

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

**BY ELECTRONIC FILING**                                                                                  March 21, 2025

    Re:    *Capen et al. v. Campbell*, No. 24-1061

Dear Clerk Anastasia Dubrovsky:

    Pursuant to Fed. R. App. P. 28(j), the Commonwealth advises the Court of the Ninth Circuit's en banc decision in *Duncan v. Bonta*, -- F.4th --, 2025 WL 867583 (9th Cir. Mar. 20, 2025), and its relation to Appellants' Second Amendment challenge to Mass. Gen. Laws c. 140, §§ 121, 131M, insofar as those statutes restrict possession of large-capacity magazines. *Duncan* reversed a grant of summary judgment for Plaintiffs in a Second Amendment challenge to California's "ban on possession of large-capacity magazines." *Duncan*, 2025 WL 867583, at *5.

    The Ninth Circuit, sitting en banc, first held that a magazine holding more than 10 rounds is "an accessory or accoutrement, not an 'Arm' in itself" and accordingly "falls outside the text of the Second Amendment." *Id.* at *3; *see also id.* at *7-10. As explained in Appellee's brief (pp. 47-50), the large-capacity magazines restricted under Massachusetts law similarly are not "arms" within the text of the Second Amendment.

    The Ninth Circuit also held in the alternative that California's ban on possession of large-capacity magazines "falls neatly within the Nation's traditions of protecting innocent persons by prohibiting especially dangerous uses of weapons and by regulating components necessary to the firing of a firearm." *Id.* at *3; *see also id.* at *10-22. As explained in Appellee's brief (pp. 25-40), the challenged Massachusetts statutes are similarly consistent with the principles that underpin the history and tradition of firearms regulation in this country.

    Further, as pertinent here, the Ninth Circuit held that California's law "implicates <u>both</u> unprecedented societal concerns <u>and</u> dramatic technological changes." *Id.* at *14. Thus, the Ninth Circuit held that the "more nuanced approach" referenced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 27 (2022) is "appropriate," even if the outcome of the case did "not hinge on this categorization." *Id.* at *15. As explained in Appellee's brief (pp. 17-20), the "nuanced approach" is similarly appropriate here.

    We respectfully request this letter be transmitted to Judge Gelpi, Judge Rikelman, and Judge Katzmann, who heard oral argument on October 7, 2024.

                                                            Respectfully submitted,
                                                          */s/ Grace Gohlke*
                                                          Counsel for Appellee, 1st Cir. No. 1204282